UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX LEWIS,

       Petitioner,

                                        Civil Case No. 03-60282

v-                                         Hon. Marianne O. Battani

RAYMOND BOOKER,

       Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA
PAUPERIS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner has appealed the Court's denial of his habeas corpus petition, which attacks his state court conviction of bank robbery and possession of a firearm during the commission of a felony. Currently before the Court is Petitioner's Application to Proceed *In Forma Pauperis* (Doc. # 32) and Motion for Certificate of Appealability (Doc. #33).

A district court has the discretion to grant a request to proceed *in forma pauperis*. 28 U.S.C. § 1915; Fed. R. App. P. 24(a)(3)(A). The pertinent inquiry is whether the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3). This good faith standard is an objective one and is less demanding than the standard governing the issuance of a certificate of appealability. Coppedge v. United States, 369 U.S. 438, 445 (1962). A habeas petitioner seeking to appeal the denial of a habeas petition will not be permitted to proceed *in forma pauperis* where the appeal would be frivolous. Although the Court has found that the habeas petition must be dismissed on the merits, there is no evidence that any appeal will be taken in bad faith. Accordingly, the motion for leave to proceed *in forma pauperis* is **GRANTED**.

The mere fact that Petitioner claims that his appeal is not frivolous and is being undertaken in good faith does not entitle him to a certificate of appealability. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either grant a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not be granted. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997). The Court must "limit its examination to a threshold inquiry into the underlying merits of his claims." Miller-El v. Cockrell, 537 U.S. 322 (2003). When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Although Lewis attempts to resurrect other challenges to the denial of his petition in his Motion for Certificate of Appealability, his sole objection to the Magistrate Judge's Report and Recommendation challenged the state court's finding that probable cause for his arrest existed, and therefore, the failure to suppress his subsequent identification in a lineup. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995); see also Thomas v. Arn, 474 U.S. 140 (1985). Consequently, Petitioner's request for a certificate of appealability on the issues of the in-court identification, the admission of bad acts evidence by

-2-

the state trial court, and the sentencing guidelines must be denied. These issues were waived.

In assessing the merits of those issues properly raised in the Certificate of Appealability, the Court first finds that Petitioner's claim that his arrest was made without probable cause is untenable under clearly established federal law. Petitioner failed to meet his burden to show that the state court applied federal law to the facts of his case in an objectively unreasonable manner.' " Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (per curiam)) (internal citation omitted). In addition, as to Petitioner's claim that his subsequent identification should have been suppressed, in this case, the state provided a full and fair opportunity for litigation of Petitioner's Fourth Amendment claim. For these reasons, as well as those articulated in the Report and Recommendation and in this Court's order denying his petition, the Court finds that Petitioner has not demonstrated that reasonable jurists could disagree as to whether the state court's failure to suppress his arrest constituted a denial of due process. Accordingly, the motion for issuance of a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

Dated: April 13, 2006

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed to Alex Lewis and Brenda Turner on this date electronically or by ordinary mail.

                                            s/Bernadette Thebolt
                                            Deputy Clerk